**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE**

| | | |
|---|---|---|
| DAVID L. FIELDS, a citizen and resident of Hawkins County, Tennessee,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | No.: 2:26-cv-86 |

**COMPLAINT**

Comes now the Plaintiff, David L. Fields, by and through counsel, and for cause of action would state as follows:

JURISDICTION

1. The Plaintiff, David L. Fields, is a citizen and resident of Hawkins County, Tennessee.

2. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company with its principal place of business in Omaha, Nebraska, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times, Defendant Lincoln acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Plaintiff brings this action to recover benefits due for his Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et*

*seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

4. The Plaintiff brings this action to recover benefits due for his long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

5. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

6. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

7. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

8. Upon information and belief, the Defendant Lincoln, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

9. Upon information and belief, Defendant Lincoln was claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

## FACTS

10. At all material times, Plaintiff worked for East Tennessee Iron & Metal Works, Inc.

11. Upon information and belief, East Tennessee Iron & Metal Works, Inc. maintained a long-term disability policy or Plan (#00001020986100000) with Defendant Lincoln.

12. In 2023, Plaintiff's medical conditions made it impossible for him to continue working resulting in permanent and total disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

13. Plaintiff applied for and received benefits under East Tennessee Iron & Metal Works, Inc.'s long-term disability policy or plan (#00001020986100000) provided by Defendant Lincoln effective August 7, 2023.

14. Plaintiff was deemed entitled to Title II benefits by the Social Security Administration.

15. Plaintiff's medical condition has not improved and has been stable to worsening since 2023.

16 Defendant Lincoln continued to pay Plaintiff long term disability benefits under the above-referenced policy until June 24, 2025, when it informed Plaintiff that it would not pay benefits beyond August 7, 2025.

17. On September 26, 2025, Plaintiff, by and through counsel, requested a complete copy of the Plan Document and the Administrative Record.

18. Plaintiff appealed the denial of continued benefits on December 2, 2025,

providing the Defendant with additional proof of disability.

19. On March 9, 2026, Defendant denied Mr. Fields' appeal and continued in its denial of benefits beyond August 7, 2025.

20. The March 9, 2026, decision by the Defendant is the final administrative step under the Plan.

21. Upon information and belief, the entity that made the decision to deny benefits would pay any benefits due out of its own funds.

22. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

23. The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

24. The Defendant acted under a Plan to take advantage of the potential applicability of ERISA to claims.

25. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

26. Plaintiff is disabled under the terms of the Plan.

27. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

28. The decision to deny benefits was wrong under the terms of the Plan.

29. The decision to deny benefits and the decision-making process were arbitrary and capricious.

30. The decision to deny benefits was not supported by substantial evidence in the record.

31. The appellate procedures did not provide Plaintiff with a full and fair review.

32. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

33. The Defendant violated the fiduciary duties owed to the Plaintiff.

34. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendant breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendant to pay Plaintiff back benefits due under the Plan.

D. Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendant to pay Plaintiff the costs of his suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendant to provide Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 22nd day of April 2026.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37919
(865) 584-1211