**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENVILLE**

| | |
|---|---|
| **DAVID L. FIELDS,** | ) |
| | ) CIVIL ACTION NO. 2:26cv00086-DCLC-CRW |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Clifton L Corker |
| | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY,** | ) Magistrate Cynthia R Wyrick |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to the Court's Order of May 28, 2026, and Fed. R. Civ. P. 26(f), a meeting was held on June 5, 2026 and was attended by John P. Dreiser on behalf of Plaintiff David L. Fields ("Plaintiff") and Iwana Rademaekers. on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA").

2. As this is a claim for ERISA benefits, trial should be unnecessary for the final disposition of this case and, the event that the parties do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. To facilitate the submission of the case to the Court, the parties propose the deadlines in paragraph 6 below in lieu of the deadlines requested in the standard schedule.

3. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case.

4. Not all Parties consent to the exercise of jurisdiction by a magistrate judge.

5. Discovery Plan pursuant to Rule 26(f)(3)

(a) **Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

Lincoln has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

(b) **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim and other subjects as to which discovery is permitted under applicable case law. Discovery is expected to be completed by December 3, 2026, and does not need to be conducted in phases.

(c) **Issues about disclosure, discovery, or preservation of electronically stored information:**

Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

(d) **Issues about claims of privilege or of protection as trial-preparation materials:**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

(e) **Changes that should be made in the limitations on discovery:**

The Parties do not propose any specific limitations on discovery at this time.

(f) **Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None at this time.

6. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in the standard schedule:

A. December 3, 2026 – Deadline to Complete Discovery.

B. December 31, 2026 - Deadline to file Stipulated Administrative Record.

C. January 21, 2027 - Deadline to file cross motions for summary judgment.

E. February 11, 2027- Deadline to file response briefs.

F. February 18, 2027 - Deadline to file reply briefs.

Respectfully submitted this 17th day of June 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

/s/ John P. Dreiser
John P. Dreiser (BPR #020743)
LAW OFFICES OF TONY FARMER
AND JOHN DREISER
1356 Papermill Pointe Way
Knoxville, TN 37919
(865) 584-1211

COUNSEL FOR PLAINTIFF